Mr. Justice Davis
delivered the opinion of the court:
The only question in this case relates to the proper construction of the Joint Resolution July 2, 1864, (13 Stat. L., p. 591,) for the relief of Alexander Cross. The action of Congress was based on the following state of facts: One Daniel Saffarans, in 1851, according to the forms of law, leased to the United States, for a period of ten years, at a certain monthly rent, a warehouse in San Francisco. The claimant, Cross, advanced the money to complete the building, and was compelled for his own protection to purchase the property and the contract of lease. The lease was assigned to him, and the warehouse occupied by the Government for a period of three years, when Mr. Guthrie, the Secretary of the Treasury, against his written protest, rescinded the contract.
On the 15th of November, 1856, Cross petitioned the Court of Claims for relief, but failed to obtain it, on the ground that the assignment, of the lease was defective and insufficient to vest in him a legal title to the accruing rents. This adverse *7 decision, in conformity with the law at that time, was reported to Congress, and while the proceeding was pending there the joint resolution referred to was passed.
This resolution, after reciting that the decision in question was rendered on the sole ground of an alleged technical defect in the assignment of the lease, directs that the case be remanded to the Court of Claims for a further hearing, with authority to render judgment for the petitioner if he were found to be the equitable owner of the lease, notwithstanding the defective assignment, on condition that he secured the Government by a proper indemnifying bond against any claim which the heirs or representatives of Saffarans (who was then deceased) should make on account of the “ contract or leaseP In accordance with these directions Cross, in July, 1864, by a supplemental petition, asked the Court of Claims to rehear the cause and give him judgment for the instalments of rent claimed in his original petition, embracing the periods of time between the 14th day of August, 1853, and the 14th day of November, 1856. This was done, and the present action was brought, two years afterwards, to recover the instalments of rent which were not included in the first suit.
The court below held that this suit could not be maintained because the power and authority conferred upon it by the joint resolution had been exhausted when it reheard the cause and rendered judgment.
Was this ruling correct ? To uphold it would be. to take a narrow view of the legislative intention, and give substantial effect to the technical defenses which have distinguished this, litigation. There is no defense now on the merits, nor was there when the case went to Congress. It went there, not because the United States was not bound by the covenants of the lease, but for the reason that, in the opinion of the Court of Claims, Cross had not the legal right to enforce the obligation. Saffarans had undertaken to assign the lease to Cross, and no question was made as to his ownership until the Secretary of the Treasury attempted to rescind the contract. Then it was discovered that the assignment lacked legal formality, and the Government availed itself of this defense, and this only, in the Court of Claims to defeat the action. In this state of the case Congress was called upon to act.
The technical defect in the mode of assignment was the only *8 obstacle encountered by Cross in tbe prosecution of bis claim, yet while it remained it was effectual to prevent a recovery. To remove it and allow a trial on-the merits required the assent of Congress, and this was given. That tbe waiver by Congress of tbe right of tbe United States to make this defense was not limited to any particular suit, but was extended to tbe entire controversy respecting the lease, seems clear enough from tbe language of tbe resolution, itself. Tbe Court of Claims was told if it found Cross to be the equitable owner of tbe lease, and in justice and equity entitled to tbe rents (if any) due thereon [from tbe United States, to render judgment in bis favor, notwithstanding any technical defect in tbe assignment of the lease. And to leave no room for doubt on tbe subject tbe court was directed, further, to take bond from Cross to indemnify the Government “ against any demand which may be set up and established by or on behalf of the heirs or representatives of Saffarans under or by virtue of said contract or lease? Why the extent of this requirement if the waiver was only applicable to the rents in controversy in the proceeding then pending before Congress'? We cannot suppose, without an express declaration to that effect, that Congress intended to legislate in a manner that would enable a creditor of tbe Government to obtain only a part of his claim when tbe whole of it was deemed by tbe court that tried tbe case to be meritorious.
It is true tbe lease was at an end when Congress acted and tbe court reheard tbe cause, and Cross could by proper amendment to bis petition have embraced also that portion of bis demand for which he now sues; and that would have been tbe proper course for him to have pursued, but be was not compelled to take it. In covenant for non-payment of rent, payable at different times, a new action lies as often as tbe respective sums become due and payable. As this suit is for instalments of rent not due when tbe first suit was instituted, and as they were not included in it in any stage of the proceeding, tbe plea of former recovery has no application.
On the finding of facts by the court below judgment should have been rendered for tbe claimant for $09,515.01.
It is, therefore, ordered that the judgment be reversed and the cause remanded to tbe Court of Claims, with directions to enter judgment for that sum.